1
2
3
4
5
6
7

8        # UNITED STATES DISTRICT COURT
9        # SOUTHERN DISTRICT OF CALIFORNIA

10

11   OLIVER MATTHEWS, Jr.,                          Civil        08-0011 JLS (PCL)
     CDCR # K-39692                                 No.
12
                                                    **ORDER:**
13                              Plaintiff,
                                                    **(1)  GRANTING MOTION TO
14                                                  PROCEED *IN FORMA PAUPERIS*,
                                                    IMPOSING NO INITIAL PARTIAL
15                     vs.                          FILING FEE AND GARNISHING
                                                    $350.00 BALANCE FROM
16                                                  PRISONER TRUST ACCOUNT
                                                     [Doc. No. 2];**
17
     K. BAKER, Hearings Officer for the Board       **AND**
18   of Parole Hearings, State of California,
                                                    **(2)  DISMISSING ACTION FOR
19                                                  SEEKING MONETARY DAMAGES
                                                    AGAINST DEFENDANT WHO IS
20                              Defendant.          IMMUNE PURSUANT
                                                    TO 28 U.S.C. §§ 1915(e)(2)(B)
21                                                  & 1915A(b)**

22

23        Plaintiff, a state inmate currently incarcerated at Richard J. Donovan Correctional Facility

24   in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to

25   42 U.S.C. § 1983.  Plaintiff claims that his constitutional rights were violated at his parole

26   revocation hearing by Defendant K. Baker, Deputy Commissioner for the Board of Parole

27   Hearings. Plaintiff seeks $200,000 in punitive damages and $70,000 for "pain and suffering."

28    (Compl. at 7.)

1    Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,

2    he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)

3    [Doc. No. 2].

4    **I.    MOTION TO PROCEED IFP**

5    All parties instituting any civil action, suit or proceeding in a district court of the United

6    States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

7    U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is

8    granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493

9    F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

10    Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in

11    installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28

12    U.S.C. § 1915(b)(1) & (2).

13    The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

14    § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

15    28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that

16    he has insufficient funds from which to pay an initial partial filing fee.

17    Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and

18    assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further

19    orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR")

20    to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them

21    to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.

22    § 1915(b)(1).

23    **II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

24    The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also

25    obligate the Court to review complaints filed by all persons proceeding IFP and by those, like

26    Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or

27    adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

28    probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

*See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to Fed.R.Civ.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  Here, however, even presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

Plaintiff's Complaint is subject to immediate dismissal because he is seeking monetary damages from a Defendant who is immune from such relief.  In his Complaint, Plaintiff seeks damages against K. Baker, a Deputy Commissioner for the Board of Prison Hearings ("BPH"), for presiding over Plaintiff's revocation hearing. (Compl. at 2.)  Plaintiff alleges that Defendant Baker violated his right to due process by allowing false testimony from police officers and failing to permit Plaintiff to provide testimony on his behalf.  (*Id.* at 3-5.)

However, State parole officials are absolutely immune from damages actions based on any decision to impose a parole condition, to have a parolee arrested for an alleged parole violation, or to institute judicial proceedings which result in the revocation of parole. *See Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports).

Accordingly, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for seeking monetary damages against an immune defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

## III.    CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.    Plaintiff's Complaint is **DISMISSED** without prejudice for for seeking monetary damages against immune defendants. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.

1    Plaintiff's Amended Complaint must be complete in itself without reference to the superseded

2    pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in

3    the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565,

4    567 (9th Cir. 1987).

5         Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

6    may be granted, it may be dismissed without further leave to amend and may hereafter be

7    counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79

8    (9th Cir. 1996).

9         5.    The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

10

11

12   DATED:  February 25, 2008

13                                                *Janis L. Sammartino*
                                                  Honorable Janis L. Sammartino
                                                  United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28