OLIVER MATTHEWS FAC-5  21/123 UP
(Name) 480 ALTA RD.
P.O. Box 799005
(Address)
SAN DIEGO, CA. 92179
(City, State, Zip)
K39692
(CDC Inmate No.)

**FILED**

MAR 19 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY KTY          DEPUTY

# United States District Court
## Southern District of California

OLIVER MATTHEWS JR ,
(Enter full name of plaintiff in this action.)

                              Plaintiff,

        v.
CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
BOARD OF PAROLE HEARINGS

_____ ,

_____ ,

_____ ,

(Enter full name of each defendant in this action.)
                              Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 08-0011 JLS (PCL)
(To be supplied by Court Clerk)

**FIRST AMENDED**
Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to
assert jurisdiction under different or additional authority, list them below.

_____ .

## B. Parties

1. Plaintiff:  This complaint alleges that the civil rights of Plaintiff, OLIVER MATTHEWS
                                                          (print Plaintiff's name)
K39692                              , who presently resides at RICHARD J. DONOVAN
                                                          (mailing address or place of confinement)
DEPARTMENT OF CORRECTIONS AND REHABILITATION, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at RICHARD

J. DONOVAN Dept. of Corrections on (dates) 10-19-2007          , and          .
        (institution/place where violation occurred)        (Count 1)    (Count 2)    (Count 3)

§ 1983 SD Form
(Rev. 4/06)

2. <u>Defendants:</u> (Attach same information on additional pages if you are naming more than 4 defendants.)

CALIFORNIA DEPARTMENT OF CORRECTIONS

Defendant _____BOARD OF PAROLE HEARINGS_____ resides in _SAN DIEGO, CA._
             D.C. R. BAKER
             (name) CALIFORNIA DEPARTMENT OF CORRECTION (County of residence)

and is employed as a ___Deputy Commissioner___ . This defendant is sued in
                      (defendant's position/title (if any))

his/her □ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _Inconsistent / Incompatible with employment,_
_Using prestige/Influence of the State Department of Cor-_
_rections for private gain or advantage and illegal nature._

Defendant _____ resides in _____ ,
           (name)                                  (County of residence)

and is employed as a _____ . This defendant is sued in
                      (defendant's position/title (if any))

his/her □ individual □ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____ ,
           (name)                                  (County of residence)

and is employed as a _____ . This defendant is sued in
                      (defendant's position/title (if any))

his/her □ individual □ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____ ,
           (name)                                  (County of residence)

and is employed as a _____ . This defendant is sued in
                      (defendant's position/title (if any))

his/her □ individual □ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1:  The following civil right has been violated: Due Process / Cruel and Unusual Punishment.

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 1.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 1.]

Commissioner K. BAKER for the Dept. of Corrections (BPH) demonstrated discrimination against my civil right to due process through his incompetence (it appears) in decision of a charges which the District Attorney Office's never filed against me and never occurred; also I wasn't arrested for a parole violation neither did I violate any special condition of parole. Deeming that these two issue's are true Commissioner K. BAKER demonstrated threatening and biased material-in displayed lost of objectivity and mis-carriage of justice also abusing his power of authority through fabricating this issue and creating circumstances of false imprisonment as well as cruel and unusual Punishment and Incompatible activity There is no conviction of anything - I am thereof contesting of what is this violation based of. This action has violated my civil right and due process of law (state/Federal) and in accordance D.O.M sec. 2645. Hearing Procedures: Revocation there is no conviction and therefore where is this violation? The District Attorney never filed a complaint nor were there any court proceedings. There apparently the DA's office did not feel that a crime occured.

<u>Count 2</u>:  The following civil right has been violated:

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.   You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

§ 1983 SD Form
(Rev. 4/06)

<u>Count 3</u>: The following civil right has been violated:

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☑ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised: _____

_____

_____

_____

_____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☑ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

( SEE ATTACHED DOCUMENTS )

_____

_____

_____

_____

_____

_____

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s): *to cease of any harrasments / Discriminations / Reprisal / Retaliation / Invasion of Privacy or any such enactments violating human rights, or Civil Rights to due proces of law.*

    2. Damages in the sum of $ _____.

    3. Punitive damages in the sum of $ *750,000*.

    4. Other: *Pain & Suffering in sum of $150,000.*

### F. Demand for Jury Trial

Plaintiff demands a trial by ☐ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| ☑ Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR** | ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |
|---|---|---|

*02-29-2008*
_____
Date

*Olin Martin*
_____
Signature of Plaintiff

On Sept 17, 2007, Petitioner Matthews was arrested for ROBBERY P.C. sec. (225) and BATTERY ON SPOUSE P.C. sec (455). At that time there was no Parole Hold. On Sept 20, 2007 after parole was contacted about the arrest, a parole hold was placed based on the arrest. There was neither an investigations to assess whether these allegations were true (which they aren't true) by the parole department neither did I ever see my parole officer whom has been handling my case for the past three (3) years. The San Diego, Police dept. created an arrest report of which I denied any stipulation that I committed a crime, and that a crime occurred; when the police dept. submitted their report to the District Attorney's Office to file a complaint for the courts, The D A's office did not pursue, and did not file a complaint. There apparently the DA's office did not feel that a crime occurred also.

Therefore the Board of Parole Hearings finding is void; there was no violation of parole, my parole conditions were to register as a drug offender and submitt to random drug testing. I have been in full compliance of all these; and also completed long-term residential treatment program; and under the Title 15 of the Dept of Corrections of the State of California sec. 2645. Hearing Procedures it states "by law every conviction is a violation of parole". As I stated before the DA did not even file a charge. Therefore there was no violation of parole; There was no pending criminal prosecution nothing. The DA. surely would have filed if there any evidence a crime occurred; their non-actions confirms that a crime did not occur; even so the Board of Parole Hearings specifically made a finding of ATT ROBBERY of which noth-

(OVER ↓)

ing supports that finding; therefore the finding of the Board of Parole Hearings is void on its face.

SEE EXHIBIT A & B reference to them of how my charges were even changed as well.

Note: There is no conviction of a crime. The Board of Prison Hearings findings are on basis of assumption of a criminal record which is materially untrue and I was never convicted of a crime. This has therefore deprived my federal constitutional rights - and exercises of illegal detention and/or false-imprisonment between time of arrest and time of the inducement of decision from the Board of Prison Hearing of this State of California's Department of Corrections, I have been over reached by prosecutions submission of misinformation and thereof have been prejudiced. SEE: TOWNSEND v. BURKE, 68 S. Ct. 1252 (1948). This activity has therefore violated my civil rights and due process of the law.

( <u>SUPPORTING FACTS</u> : )

What did the Commissioner base his judg
ment on? "<u>I am not guilty of this charge.</u>" I
haven't violated any special conditions (<u>this is a dem
onstration of Incompatible Activity</u> CCR's Title 15. sec. 3413 and ab
usive in it's nature). He is also based on an assumpt
ion not fact (accordance with <u>the officer</u>; <u>Victims</u>;
and <u>suspect</u> testimonies) demonstrating prejudice and
bias unto due-processes of law. There is also no prep-
onderance of evidence to support any of Commissoner
<u>K. Baker's</u> final judgement; which is adverse and dis
criminative toward the civility prisoner/parolee right's of
being of exercise's <u>P. C. 422.6 (a)(b)(c).</u>

The Commissioner (K. BAKER) has demon-
strated and abused his power of discretion by dis-all
owance of testimonies; therefore exercising prejudice
of pre-formed/pre-judged outcome (<u>without any evidence's
of proof to support this judgement</u>.) and decision appears
bias and a "<u>lost of objectivity</u>"; "<u>discretionary decision</u>"
and is "<u>discrimination</u>" unto prisoner/parolee's right's being
exercised in righteous form an accordance with state/
federal law. This is <u>Incompatible Activity</u>; <u>Unlawful In-
fluence</u>; "<u>Mis-Carriage of Justice</u>"; and <u>Malicious</u> unto
the welfare and health within our society (communitie

( <u>SUPPORTING CASES, RULES, OR OTHER
AUTHORITY</u> : ↓ )

Schwarzenegger case ( <u>No. Civ. S-94-0671 LKK/GGH</u> )
Penal Code 422.6 <u>(a)</u> (b) (c)                    Page 4 of 6

("Rights" as a parolee under the "VALDIVIA" Injunction)

The Board of Prison Hearings (BPH) and California Department of Corrections and Rehabilitation (CDCR) are not permitted to use hearsay evidence against a parolee in a manner that violates the parolee's right to confront his or her accusers. That means that if a Deputy Commissioner (DC) is going to consider a statement by someone who is not at the hearing, there must be strong "evidence" that the statement is reliable and there must be a very good reason for the witness not to be at the hearing.

Commissioner K. BAKER has violated the "VALDIVIA" Injunction in the above description.

Parolee's being violated of due process rights
Through non-assessing value of "liberty Interest" : "deprivation"
"fairness", "reliability of existing pretermination", "probable value";
administrative burdens. and without "preliminary hearing" to det.
ermine "probable cause" to believe that arrested parolee had comm-
itted acts that would constitute violation. These Incompatible Activ-
ities violates parolees "procedural due process rights", and maintain
parole revocation procedures which "violate" the Due Process Clause
of the Fourteenth Amendment.

California's process does not provide for a pre.
liminary revocation hearing to determine whether there is probable
cause to believe that a parolee committed a parole violation.
( The parolee is entirely excluded. )

When the deputy commissioner reviews the parole
violation report to determine the appropriate screening offer, the parolee
is neither present, nor has he had any opportunity to communicate with
the deputy commissioner.  Put directly, at no time prior to the deter-
mination of the screening offer has the parolee been given an oppor-
tunity to speak to the charges, challenge the contents of the violation
report, present his own evidence, or to question witnesses. No chance
to challenge either the parole hold, or the charges. A formal revo-
cation hearing is scheduled where the parolee may then challenge the
charge leading to the hold (rather than the parole hold). In sum,
at no time do parolees have an opportunity to present their position
to an independent decision-maker or to challenge, in any manner, whe-
ther the parole officer had probable cause for the parole hold and res-
ulting detention.

( over ↓ )                                                ( Pg. 1 )

## SUMMARY JUDGEMENT STANDARDS

Summary Judgement is "Appropriate" when it is demonstrated that there exists no genuine issue as to any material fact, the moving party is entitled to judgement as a matter of law. Against party who fails to make a showing sufficient to establish existence of an element essential to that parties case — that party will bear the burden of proof at trial.

A complete failure of proof concerning an essential element of the non moving party's case necessarily renders all other facts immaterial. Summary Judgement should be granted.

If the moving party meets its initial responsibility, the burden of proof then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.

In attempting to establish the existence of this factual dispute is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material, in support of its contention that the dispute exists. The opposing party must demonstrate that the fact in contention is material ie., a fact that might affect the outcome.

The purpose of Summary Judgement is to pierce the pleadings and to assess the proof in order to see whether there is genuine need for trial.

Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a fact predicate from which the inference may be drawn.

## PROCEDURAL DUE PROCESS FRAMEWORK FOR ANALYSIS

As the Court in Morrissey noted - begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by the governmental action. After identifying nature of the right at issue, the fairness and reliability of the existing pretermination procedures, and the probable value.. if any.

Consider the administrative burden and other societal costs. The liberty interest at stake — a parolee's interest in retaining the enduring attachments of normal life. It is SELF-evident that the liberty interest of a parolee is quite significant, and much greater than the liberty interest of a prisoner still confined within the prison system. "Fairness and reliability" — how effective the procedures are in assuring a factually accurate statement ① whether there is probable cause to believe that the parolee violated parole, and ② whether the parolee did in fact violate parole.

The first stage is to insure that the parolees life is not disrupted by an unjustified parole hold, while the second stage requires reliable information justifying the parolee's long term reincarceration. Fundamentally, the process due must include procedures which will prevent parole from being revoked because of " erroneous information or because of an erroneous evaluation.

California's unitary parole revocation hearing system does not comport with the requirements of the federal constitution's Due Process Clause. In this motion, they contend that the State's failure to conduct preliminary hearings at the time of parolee's arrest and detention is unconstitutional.

As I have spoken and observe the cour "by which I am bound" have spoken with less than perfect clarity on the issue before me.

ABUSE!

~~Commissioner~~ K. Baker has ~~demonstrated~~ extreme prejudices and bias as well as a pre-judged/pre-formed out come and lost of objectivity creating administrative burdens and violating prisoner/parolee right's under the Valdivia v. Schwarzenneger ( E. D. Cal. No. Civ. S-94-0671 LKK / GGH). This activity of incompatible Activity is being used (CCR, title 15 sec. 3413) unto fabrication and my not being dis-charged on 12-02-2007.

(OVER ↓)                    (Pg. 3)

The commissioner also "changed my charges" - just so
that he (through fabrication) could conspire; endanger;
and violate the civility of prisoners/parolees right's of
due-process under the Constitutions 14th Amendment
and Civil Rights there of performances and demonstrations
of Mis-Carriages of Justices & False Imprisonment; (through
falsified documentations) Incompatible Activity; Hate Crimes;
and Terrorism. I prisoner MATTHEWS K39692 are forward-
ing this petition of Habeas Corpus form that this act-
ivity of demonstration of government agents of this
State of California may be corrected.

EXHIBIT A

F420-1184

AH.

STATE OF CALIFORNIA
CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST
CDC 1676 (4/91)

DISTRIBUTION.    DEPARTMENT OF CORRECTIONS
ORIGINAL - BOARD REPORT
1ST COPY - R.H.C

REPORT TO:    [X] BOARD OF PRISON TERMS

2ND COPY - H.A.
3RD COPY - PAROLEE
4TH COPY - U.S.

[ ] NARCOTIC ADDICT EVALUATION AUTHORITY

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTCU - ST |
|---|---|---|---|---|
| K39692 | MATTHEWS, OLIVER | SAME | IV CV III | YES [X] NC |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 09-19-07 | SDPD | [ ] MANDATORY [X] NON-MANDATORY | 7770766/ SDC] |

| ARREST CODE | ARREST CODES |
|---|---|
| B | A  P&CSD STAFF ALONE         C  LAW ENFORCEMENT AGENCY ALONE
AB  P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY    D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 09-20-07 | 09-20-07 | INTACT | A. KEMP | 12-02-07 | 12-02-07 | |

| CHARGES AND CODES | | CHARGES AND CODES | |
|---|---|---|---|
| 1. ROBBERY (225) | | 4. | |
| 2. BATTERY ON SPOUSE (455) | | 5. | PAROLEE COPY  CalPAP |
| 3. | | 6. | |

| REASON FOR RETAINING PAROLE HOLD.   PAROLEE DANGER TO: | DATE COPY SENT TO PAROLEE | INITIALS OF PERSON SENDING |
|---|---|---|
| [ ] ABSCOND  [ ] SELF  [ ] PROPERTY-OTHERS  [X] SAFETY-OTHERS | | |

On 09-19-07, at approximately 2050 hours Officer Borjas #5570 and Vasquez #4193 responded to call regarding a male and a female fighting in the middle of the street at the intersection of 18th Avenue and Broadway. Officer Vasquez spoke to the victim Belinda Williams.

Miss Williams told Officer Vasquez that she has known Matthews for approximately 8 months and lived together for approximately 2 months. They are now friends. Miss Williams said that she agreed on helping Matthews with some food and gas. Matthews demanded for half of the one hundred dollars that Miss Williams had after purchasing the food and gas. Matthews became angry and she exited the vehicle for fear of safety. Matthews then followed her and snatched her purse and hand bag from her hand. Miss Williams attempted to get her purse back as Matthews was walking back to his vehicle. Matthews then grabbed her by the neck and pushed her to the ground. Matthews dropped the handbag on the street and attempted to drive away. Miss Williams got back into the vehicle and she was pushed out of his car. She sustained an abrasion to her knee and a swollen lip.  ⟵

Photos were taken and kept in the control property room under tag # 030942.

Matthews was arrested on site and booked in the county.

CASE CONFERENCE: Agent Dominguez spoke to T. Schulte PA III about this arrest. A return to custody is recommended.

COURT INFORMATION: No pending data at this time.

WITNESSES: See CDC 1654.

ATTACHMENTS: SDPD report dated 09-20-07.

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| MATTHEWS, OLIVER | K39692 |

FROM 619-233-4206                    (WED)SEP 26 2007  6:50/ST. 6:44/No. 7500000467 P  8

| Continued From:<br>ARR./JUV. CON. | | San Diego Regional<br>Officer's Report Narrative | Incident Number<br>07090041690 | | |
|---|---|---|---|---|---|
| Page<br>7 of 8 | | | Case Number<br>07056055 | | |
| Code Section And Description (one incident only)<br>211 / PC / ROBBERY | | Date<br>09/19/2007 | | Day of Week<br>WED | Time<br>20:50 |
| Location Of Incident (Or Address)<br>1000 08TH AV | | | City | District | Beat |
| Person(s) Involved: Victim<br>Williams, Belinda Michelle | | | | | |
| Suspect (If Named)<br>Matthews, Oliver Jr | | | | | |
| Property Tag No.(s)<br>030842 | | | | | |

## SYNOPSIS:

Oliver Matthews snatched Belinda Williams' purse and handbag away from her grasp and then pushed her down on the ground when she attempted to retrieve her listed property.

## ORIGIN:

Officer Borjas #5570 and I were dispatched to 8th AV. and Broadway regarding a report of a male and a female who were fighting in the middle of the street.

## INVESTIGATION:

Prior to our arrival Officer Lopez #5892 and Officer Gilmore #5919 were flagged down by Williams at 1000 8th AV. Williams advised Officer Lopez and Officer Gilmore that Matthews had just assaulted her. Officer Lopez and Officer Gilmore subsequently detained Matthews until Officer Borjas arrived on scene and took custody of him.

## BACKGROUND:

Williams said she met Mathews approximately 8 months ago while they were attending a drug rehab program. Williams said she and Matthews lived together for approximately 2 months during the 8 months they were dating. Williams said she and Matthews separated about 2 weeks ago however they have remained friends.

## STATEMENT (S):

Upon my arrival I spoke with Williams. Williams told me this evening Matthews called her and asked her if she could help him with purchasing some food and gas for his car. Williams said she agreed and Matthews picked her up in his car. Williams told me at the intersection of 8th AV. and Broadway Matthews began asking her for half of the hundred dollars that she had left from the food and gas that she had just purchased. Williams said when she refused Matthews became angry and demanded that she give him some money. Williams said she subsequently feared for her safety and got out of Matthews' vehicle with her purse and handbag. Williams said as she was walking to the sidewalk Matthews had gotten out of his car and then suddenly snatched her purse and handbag away from her left hand. Williams told me she then attempted to grab her purse and handbag away from Matthews as he was walking back to his vehicle however he grabbed her by her neck and pushed her down on the street. Williams said she began yelling for help and asking someone to call the police. Williams told me Matthews dropped her purse and



| Reporting Officer<br>VASQUEZ | ID #<br>4193 | Division<br>C2 | Approved By | Date of Report<br>09/20/2007 | Time<br>00:04 |
|---|---|---|---|---|---|

Continued Y

FROM 619-239-4208                    (WED)SEP 26 2007  8:50/ST.  8:44/No. 7500000487 P  8

| Continued From:<br>ARR/JUV. CON. | **San Diego Regional<br>Officer's Report Narrative** | | Incident Number<br>07090041690 | |
|---|---|---|---|---|
| Page<br>8 of8 | | | Case Number<br>07056055 | |
| Code Section And Description (one incident only)<br>211 / PC / ROBBERY | | Date<br>09/19/2007 | Day of Week<br>WED | Time<br>20:50 |
| Location Of Incident (Or Address)<br>1000 08TH AV | | City | District | Beat |
| Person(s) Involved: Victim<br>Williams, Belinda Michelle | | | | |
| Suspect (If Named)<br>Matthews, Oliver Jr | | | | |
| Property Tag No.(s)<br>030842 | | | | |



handbag on the ground and then attempted to drive away in his vehicle. Williams said to prevent Matthews from driving away she got into the passenger seat of his vehicle and attempted to turn his car off. Williams said Matthews pushed her out of his car however she was able to flag down a Police Officer who was driving by in his patrol car.

## EVIDENCE:

A/Sgt. Butchart #5153 responded to the scene and took 5 digital photographs of Williams and her injuries. A/Sgt. Butchart impounded the photo disk in Central's Property room on tag #030842.

## INJURIES:

Williams sustained an abrasion on her left knee when Matthews pushed her down on the street and a swollen lip when he pushed her out of his vehicle.

## PROPERTY DAMAGE:

None

## FOLLOW-UP:

None

## RELATED REPORTS:

See Officer Borjas' report for Matthews' statement.

| Reporting Officer<br>VASQUEZ | ID #<br>4193 | Division<br>C2 | Approved By | Date of Report<br>09/20/2007 | Time<br>00:04 |
|---|---|---|---|---|---|

Continued Y

FROM 619-233-4206                    (WED)SEP 26 2007  8:49/ST. 8:44/No. 7500000487 P  6

| Continued From:<br>ARR/JUV. CON. | San Diego Regional<br>**Officer's Report Narrative** | | Incident Number<br>07090041690 | |
|---|---|---|---|---|
| Page<br>5 of 8 | | | Case Number<br>07056055 | |
| Code Section And Description (one incident only)<br>211 / PC / ROBBERY | | Date<br>09/19/2007 | Day of Week<br>WED | Time<br>20:50 |
| Location Of Incident (Or Address)<br>1000 08TH AV | | City | District | Beat |
| Person(s) Involved: Victim<br>Williams, Belinda Michelle | | | | |
| Suspect (If Named)<br>Matthews, Oliver Jr | | | | |
| Property Tag No.(s)<br>030842 | | | | |

## DESCRIBE ALL EVIDENCE AND DISPOSITION

Digital photo disk impounded in Central's Property room on tag #030842.

## WITNESSES

| | |
|---|---|
| WERE WITNESSES PRESENT DURING DOMESTIC VIOLENCE? | **NO** |
| IS WITNESS INFO LISTED ON ARJIS FORMS? | **NO** |
| WERE STATEMENT (s) TAKEN? | **NO** |

## WITNESS / CHILDREN

| | |
|---|---|
| WERE CHILDREN PRESENT DURING DOMESTIC VIOLENCE? | **NO** |
| STATEMENT(s) TAKEN? | **NO** |

ALL Children Present: (more than three list in narrative)

| 1. Name, Age, and DOB | 2. Name, Age, and DOB | 3. Name, Age, and DOB |
|---|---|---|
| ☐ Apologetic   ☐ Afraid<br>☐ Threatening   ☐ Calm<br>☐ Calm down   ☐ Irrational<br>☐ Tearful/Crying   ☐ Upset<br>☐ Hysterical   ☐ Angry<br>☐ Nervous<br>☐ Other: Explain | ☐ Apologetic   ☐ Afraid<br>☐ Threatening   ☐ Calm<br>☐ Calm down   ☐ Irrational<br>☐ Tearful/Crying   ☐ Upset<br>☐ Hysterical   ☐ Angry<br>☐ Nervous<br>☐ Other: Explain | ☐ Apologetic   ☐ Afraid<br>☐ Threatening   ☐ Calm<br>☐ Calm down   ☐ Irrational<br>☐ Tearful/Crying   ☐ Upset<br>☐ Hysterical   ☐ Angry<br>☐ Nervous<br>☐ Other: Explain |

## RESTRAINING ORDERS:                              VICTIM GIVEN:

| **NO**   **CURRENT or EXPIRED**<br>**TYPE: N/A**<br>ISSUING COURT:<br><br><br>ORDER/DOCKET NUMBER: | ☐ DOMESTIC VIOLENCE INFORMATION SHEET (PD-964)<br>☐ SDPD CRIME CASE NUMBER<br>☐ DOMESTIC VIOLENCE UNIT PHONE NUMBER<br>MEDICAL RECORDS WAIVER FORM SIGNED?<br>**YES** If no, reason why? |
|---|---|

VICTIM WILL BE AT A TEMPORARY ADDRESS? **NO**

| Reporting Officer<br>VASQUEZ | ID #<br>4193 | Division<br>C2 | Approved By | Date of Report<br>09/20/2007 | Time<br>00:04 |
|---|---|---|---|---|---|

**Continued Y**

FROM 619-233-4206                    (WED)SEP 26 2007  8:49/ST. 8:44/No. 7500000487 P  5

| Continued From: ARR/JUV. CON. | San Diego Regional Officer's Report Narrative | Incident Number 07090041690 |
|---|---|---|

Page 4 of8

Case Number 07056055

| Code Section And Description (one incident only) 211 / PC / ROBBERY | Date 09/19/2007 | Day of Week WED | Time 20:50 |
|---|---|---|---|

Location Of Incident (Or Address) 1000 08TH AV | City | District | Beat

Person(s) Involved: Victim
Williams, Belinda Michelle

Suspect (If Named)
Matthews, Oliver Jr

Property Tag No.(s)
030842

## MEDICAL TREATMENT

- [ ] NONE
- [ ] WILL SEEK OWN DOCTOR
- [ ] FIRST AID
- [ ] PARAMEDICS
- [ ] HOSPITAL
- [x] REFUSED MEDICAL AID

PARAMEDICS AT SCENE: **NO**
UNIT NUMBER

PARAMEDICS NAMES (Medic Names & Id)

HOSPITAL:

ATTENDING PHYSICIAN(S):

## RELATIONSHIP BETWEEN VICTIM AND SUSPECT

- [ ] SPOUSE
- [ ] COHABITANTS
- [ ] ENGAGED
- [ ] SAME SEX
- [ ] DATING
- [ ] FORMER SPOUSE
- [x] FORMER COHABITANTS
- [ ] FORMER DATING
- [ ] EMANCIPATED MINOR
- [ ] PARENTS OF CHILD FROM RELATIONSHIP

LENGTH OF RELATIONSHIP

YEAR(S) **8** MONTH(S)

IF APPLICABLE,
DATE RELATIONSHIP ENDED:

PRIOR HISTORY OF DOMESTIC VIOLENCE UNDOCUMENTED? **NO**
PRIOR HISTORY OF VIOLENCE DOCUMENTED?    **NO**    [ ] MINOR [ ] SERIOUS
NUMBER OF PRIOR INCIDENTS:
CASE NUMBER(s)
INVESTIGATING AGENCY:

## EVIDENCE COLLECTED    (DESCRIBE ALL PHOTOGRAPHS)

PHOTOS: YES    If NO, Why?    1 photo of victim and 4 photos of her injuries.

FROM:  1000 8th AV.    Number: 5    TYPE: [x] 35mm  [ ] Polaroid
TAKEN BY: **A. Butchart #5153**
[ ] Other:

Photo's of victim's injuries:    **YES**    Weapon(s) impounded:    **NO**
Photo's of suspect's injuries:    **NO**    Firearm(s) impounded for safety: **NO**
Weapon used during incident    **NO**    PROPERTY TAG NUMBER (S):
Photo's of property damage:    **NO**
Type of weapon used:

| Reporting Officer VASQUEZ | ID # 4193 | Division C2 | Approved By | Date of Report 09/20/2007 | Time 00:04 |
|---|---|---|---|---|---|

**Continued Y**

FROM 619-233-4206                    (WED)SEP 26 2007  8:48/ST. 8:44/No. 7500000487 P  4

| Continued From:<br>ARR./JUV. CON. | **San Diego Regional**<br>**Officer's Report Narrative** | Incident Number<br>07090041690 | | |
|---|---|---|---|---|
| Page<br>3 018 | | Case Number<br>07056055 | | |
| Code Section And Description (one incident only)<br>211 / PC / ROBBERY | Date<br>09/19/2007 | Day of Week<br>WED | Time<br>20:50 | |
| Location Of Incident (Or Address)<br>1000 08TH AV | | City | District | Beat |
| Person(s) Involved: Victim<br>Williams, Belinda Michelle | | | | |
| Suspect (If Named)<br>Matthews, Oliver Jr | | | | |
| Property Tag No.(s)<br>030842 | | | | |

## SAN DIEGO POLICE DEPARTMENT
## DOMESTIC VIOLENCE SUPPLEMENTAL

*Use Arrows or Tab key to Navigate and Space Bar or Point and Click to Select.*

### SUSPECT

| | | | |
|---|---|---|---|
| ☐ ANGRY | ☐ COMPLAINT OF PAIN | ☒ ANGRY | ☐ COMPLAINT OF PAIN |
| ☐ APOLOGETIC | ☐ BRUISE (S) | ☐ APOLOGETIC | ☐ BRUISE (S) |
| ☐ CRYING | ☒ ABRASION (S) | ☐ CRYING | ☐ ABRASION (S) |
| ☒ FEARFUL | ☐ MINOR CUT (S) | ☐ FEARFUL | ☐ MINOR CUT (S) |
| ☐ HYSTERICAL | ☐ LACERATION (S) | ☐ HYSTERICAL | ☐ LACERATION (S) |
| ☐ CALM | ☐ CONCUSSION (S) | ☐ CALM | ☐ CONCUSSION (S) |
| ☐ IRRATIONAL | ☐ OTHER: EXPLAIN | ☒ IRRATIONAL | ☐ OTHER: EXPLAIN |
| ☒ NERVOUS | ☐ Under the Influence: | ☐ NERVOUS | ☐ Under the Influence: |
| ☐ THREATENING | Alcohol ☐  Drugs ☐ | ☒ THREATENING | Alcohol ☐  Drugs ☐ |
| ☐ OTHER: EXPLAIN | **ALWAYS** explain<br>OPPOSITES in narrative. | ☐ OTHER: EXPLAIN | **ALWAYS** explain<br>OPPOSITES in narrative. |

### DESCRIBE ALL CONDITIONS OBSERVED

**PHYSICAL:**   Belinda Williams sustained a swollen lower lip and an abrasion on her left knee.

**EMOTIONAL:**   Williams told me she was upset over the incident and fearful of Oliver Matthews' vio;ent behavior.

**CRIME SCENE:**   The incident occurred on 1000 8ᵗʰ AV. in the middle of the street.

| Reporting Officer<br>VASQUEZ | ID #<br>4193 | Division<br>C2 | Approved By | Date of Report<br>09/20/2007 | Time<br>00:04 |
|---|---|---|---|---|---|

**Continued Y**

BOARD OF PRISON TERMS                                                                          STATE OF CALIFORNIA
**PAROLEE – ATTORNEY DECISION FORM**
BPT 1104(b)

**ASSESSMENT OFFER OF:** _____10_____ months    (INELIGIBLE)  ELIGIBLE  (circle one)

☐ **NOTICE ACKNOWLEDGEMENT:** I have gotten and understand(or had explained to me) all necessary documents except the following (indicate form name and description or indicate "N/A" if you got everything):_____

*Select one of the five following options:*

☐ **1. ACCEPT:** I accept the return to custody order (assessment offer) and unconditionally give up my rights to contest the charges against me or have a probable cause or full revocation hearing. I also agree to any and all special conditions of parole imposed on me by the Board of Prison Terms.

☐ **2. OPTIONAL WAIVER:** I accept the assessment offer and optionally give up my right to a hearing (probable cause and full revocation) at this time because local charges have been filed. I may choose to have a hearing later (within 15 days of the end of local proceedings).

☐ **3.** I request a **PROBABLE CAUSE HEARING.** I understand that the assessment offer will remain open until the conclusion of the Probable Cause Hearing.

☐ **4.** I request an **EXPEDITED PROBABLE CAUSE HEARING.** (Please describe reason for this request on separate sheet. Note, an offer of proof is required to show there is a complete defense to the charges that are the basis of the parole hold).

☒ **5. REJECT:** I reject the screening offer, give up my right to a probable cause hearing, and request a full revocation hearing.

　　☐ I intend to **admit** to the charges circled below. (Circle the appropriate charge numbers only; those not circled are presumed to be a plea of either deny or no plea):
　　　　▪ **Charges I Admit :**　　1　　2　　3　　4　　5　　6　　7　　8
_____

☐ I need the following ADA and/or foreign language accommodation for my hearing:_____

☐ **WAIVERS:** I give up my right to the following: (*Select all boxes that apply*)
　　☐ I give up my right to call any witnesses at my full revocation hearing.
　　☐ I give up my right to call my parole agent to attend my full revocation hearing.
　　☐ I need _____ more days to prepare. I give up my right to have a timely (probable cause/full revocation) hearing. (Circle one or both).

| Signature of Inmate/Parolee | ☐ Inmate/Parolee refused to sign/appear (circle one or both). Witness: | Date |
|---|---|---|
| Printed Name and Signature of Attorney _Jacoby_ | Telephone Number ( ) | Date |

**NAME**　　　　　　　　　　**CDC NUMBER**　　　　　　　　　　**INST/REGION**

BPT 1104-B (Rev 01/05)
Distribution: White-C-file  Green- BPT  Canary- Field File  Pink-Inmate/Parolee  Goldenrod-Atty

BOARD OF PAROLE HEARINGS
STATE OF CALIFORNIA

**\*PRIORITY CASE\***

**SUMMARY OF REVOCATION HEARING AND DECISION**

(BPH Rules, Chapter 6, Article 3)

| Records Office Use Only |
|---|
| Projected Revocation Release Date |
| Revocation Release Date |
| Controlling Discharge Date |
| Discharge Review Date |

## PRELIMINARY INFORMATION

| Type of Hearing | Location of Hearing |
|---|---|
| REVOCATION | R J DONOVAN RECEPTION CENTER |
| | Parolee in custody at Time of Hearing: YES |

| Basis for Charges | Optional Waiver |
|---|---|
| Parole Violation Report, Dated:    01-OCT-2007 | NO    Date Signed by Parolee: |
| | Date of BPH Action: |
| Police Report Agency    Dated: | |
| | Assessment: |

**Legal Data**

The crime for which the parolee was committed to prison occurred on or before 12-31-1978:  NO

The crime for which the parolee was committed to prison occurred on or after 1-1-1979:  YES

Date of arrest on current parole violation charge(s):  19-SEP-2007

Date hold was placed on current parole violation charge(s):  20-SEP-2007

**ADA**    Special Needs:

**Present at Hearing**    Hearing Officer: K BAKER

1. [X] Yes [ ] No  Parolee (If Parolee absent, Why?)
2. [X] Yes [ ] No  Attorney Name: JACOBY, J    [ ] Waived
3. [X] Yes [ ] No  Agent of Record or Substitute: KEMP, ANDREA    Reason not present:
4. [ ] Yes [ ] No  Hearing Agent:    Reason not present:
5. [ ] Yes [X] No  Observers    Name and Organization:
6. [ ] Yes [X] No  Interpreter Assigned Language    Name

**Witnesses** (continue on the last page if more than 8 witnesses)

| Present | | Name | Notified | | Wit. Desig.\*\* | | Testified | Excused | If absent, state specific reason. |
|---|---|---|---|---|---|---|---|---|---|
| Yes | No | | Meth.\* | Date | Stat. | Req. | | | |
| X | | OFFICER VASQUEZ | SP | 10-OCT-07 | A | S | X | | |
| X | | BELINDA MICHELE WILLIAMS | SP | 10-OCT-07 | A | S | X | | |
| | | | | | | | | | |
| | | | | | | | | | |

\*NOTIFICATION METHOD

M = Memo    PC = Personal Contact
L = Letter    SP = Subpoena
PH = Phone    TT = Teletype

\*\*USE ABBREVIATION FOR WITNESS DESIGNATION

Status:  A = Adverse    Requested by:  S = State
F = Friendly    P = Parolee
V = Victim

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| MATTHEWS, OLIVER | K39692 | CHULA VISTA 3 / 4 | 19-OCT-2007 |
| | | KEMP, ANDREA | |

BPH 1103-REV (Rev. 01/05) Electronic         Page 1 of 5         PERMANENT ADDENDUM

BOARD OF PAROLE HEARINGS                                                                    STATE OF CALIFORNIA
## SUMMARY OF REVOCATION HEARING AND DECISION

**Preliminary Information (cont.)**

H. HEARING:    Occurred

REASON:

Specify Witnesses/Documents needed for next hearing:

---

### SUMMARY OF FINDINGS

**ADMISSIONS/DENIALS AND FINDINGS**

| Charge Number | Code Number | Charge Specified | Admit | Deny | No Plea | Good Cause | Dismiss | Postponed |
|---|---|---|---|---|---|---|---|---|
| | | | **Plea** | | | **Findings** | | |
| 1. | 225 | Robbery (no weapon) | | X | | X | | |
| | | | | | | | | |
| 2. | 455 | Battery spouse/child | | X | | X | | |
| | | | | | | | | |

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| MATTHEWS, OLIVER | K39692 | CHULA VISTA 3 / 4 | 19-OCT-2007 |
| | | KEMP, ANDREA | |

BPH 1103-REV (Rev. 01/05) Electronic          Page 2 of 5                    PERMANENT ADDENDUM

EXHIBIT IS

BOARD OF PAROLE HEARINGS                                           STATE OF CALIFORNIA
## SUMMARY OF REVOCATION HEARING AND DECISION

### SUMMARY OF DISPOSITION

Parole Referral:  REFER

Custody Status:  In Custody as of 20-SEP-07

[ ] Continue on Parole    [ ] Schedule for Revocation

[ ] Dismiss               [ ] Other Non-Rev Sanction

[X] Parole Revoked-Return to Custody: 10 months

Serve  [ ] Consecutively  [ ] Concurrently

[ ] Parole Revoked-Return to Custody:  months for Psych Rx

[ ] Time Served:                  to

Hold Order: [ ] Place   [ ] Remove

**3057 Credits**

[ ] Eligible

[X] Ineligible 3057d-1     Reason for Ineligibility:

  [ ] Commitment Offense:

  [X] Revocation Offense:  ATT ROBBERY

  [ ] Parole Violation:

  [ ] Sentenced under PC 1168:

[ ] Unsuitable for credits because of PC 3057(d)(2)(e)

  [ ] Prior Criminal History

  [ ] Circumstances & Gravity of Parole Violation

Specify Reason

**Parolee Decision**

[ ] Accept   [ ] Reject   [ ] Optionally Waive

**Optional Waivers**

[ ] Previous BPH Action of _____ is:

  [ ] Rescinded   [ ] Reaffirmed

**Special Conditions of Parole**

[X] Noted   [ ] Reaffirmed   [ ] Amended

**Other**

Special Condition          Reason

Instructions to CDCR or DAPO Staff

Miscellaneous Actions

### BPH HEARING PANEL

NAME:

NAME: _(signature)_

DECISION REVIEW BY:

| REVOCATION HEARING TIME (MINUTES) | |
|---|---|
| 1. Prehearing Prep. Time: | 10 |
| 2. Actual Hearing Time: | 65 |
| 3. Report Completion Time: | 10 |
| 4. Other: | |
| Total: | 85 |

Hearing Accommodations (ADA) Provided: [ ] Yes  [ ] No

Accom:

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| MATTHEWS, OLIVER | K39692 | CHULA VISTA 3 / 4 KEMP, ANDREA | 19-OCT-2007 |

BOARD OF PAROLE HEARINGS                                                    STATE OF CALIFORNIA
## SUMMARY OF REVOCATION HEARING AND DECISION

### REASON FOR DECISION

**Basis for Conclusion:**

CHARGE # 1 : ATT ROBBERY : GCF : OFFICER VASQUEZ TESTIFIED THAT HE RESPONDED TO A FIGHT AND
INTERVIEWED VICTIM WILLIAMS WHO TOLD HIM THAT SHE AND S WERE ARGUING ABOUT MONEY AS S WANTED
$50.00. SHE GOT OUT OF HIS VEHICLE AND S THEN GOT OUT THE VEHICLE AND GRABBED HER PURSE AND
HANDBAG. VICTIM WILLIAMS WENT AFTER S AS HE WAS GOING BACK TO HIS VEHICLE AND TRIED TOM GET HER
HAND BAG BACK. S GRABBED HER BY THE THROAT AND THREW HER TO THE GROUND. THE VICTIM WAS
SCREAMING FOR SOMEONE TO CALL THE POLICE AND TRIED TO GET INTO S' VEHICLE TO PREVENT HIM FROM
LEAVING. S THEN PUSHED HER OUT OF HIS VEHICLE. THE VICTIM SUSTAINED A BRUISED KNEE AND A SWOLLEN LIP
FROM BEING PUSHED TO THE GROUND AND KICKED OUT OF THE VEHICLE. VICTIM WILLIAMS TESTIFIED THAT SHE
DIDN'T REMEMBER WHAT HAPPENED THAT DAY OR WHAT SHE TOLD THE POLICE. SHE STATED SHE WAS MAD AND
DOESN'T REMEMBER S GRABBING HER OR PUSHING HER TO THE GROUND OR PUSHING HER OUT OF THE VEHICLE.
SHE FURTHER STATED THAT SHE DOESN'T THINK S EVER GOT HER PURSE OFF HER ARM. S STATED THAT THE
VICTIM IS A DIABETIC AND SHE WAS HAVING PROBLEMS. HE TRIED TO STOP HER FROM GOING AWAY AND HE
GRABBED HER ARM AND SHE FELL OFF THE CURB. S STATED HE WAS JUST TRYING TO TALK TO HER.
CHARGE # 2 : BATTERY ON SPOUSE : GCF : (SEE ABOVE)

**Basis for Disposition:**

C/O    PT/W PRIOR                          2ND TERMER                              PD 7/15/04
CRIMINAL HISTORY    BURG 1ST AND POSS CS
PRIOR VIOLATIONS    USE OF COCAINE, POSS OF COCAINE
S HAS A HISTORY OF DRUGS AND PROPERTY CRIMES. S HAS FAILED TO ABIDE BY THE LAW BY BEING INVOLVED IN
FELONIOUS ACTS. ALTERNATIVE SANCTIONS HAVE BEEN CONSIDERED AND DEEMED TO BE INAPPROPRIATE DUE TO
PUBLIC SAFETY CONCERNS. IN THE INTEREST OF PUBLIC SAFETY A RTC IS ORDERED.
RTC 10 MONTHS INELIGIBLE.

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| MATTHEWS, OLIVER | K39692 | CHULA VISTA 3 / 4 | 19-OCT-2007 |
|  |  | KEMP, ANDREA |  |

BOARD OF PAROLE HEARINGS                                                      STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### V. OBJECTIONS

[X] None      [ ] Yes

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|------|------------|---------------------|--------------|
| MATTHEWS, OLIVER | K39692 | CHULA VISTA 3 / 4<br>KEMP, ANDREA | 19-OCT-2007 |

BPH 1103-REV (Rev. 01/05) Electronic          Page 5 of 5          PERMANENT ADDENDUM

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
**SUMMARY OF PAROLE ADJUSTMENT**
* CDC 1521-B (1/91)

### ATTACH LEGAL STATUS SUMMARY

| CDC NUMBER | NAME (LAST, FIRST, MI) | DATE OF REPORT |
|---|---|---|
| K39692 | MATTHEWS, OLIVER | 09-30-07 |

#### PRIOR COMMITMENT(S)

| OFFENSE TITLE(S) | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|
| Burglary 1st / Possession of Controlled Substance | PC459/HS11350 | 02-20-97 |
| | | |
| | | |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL DATE (RRD) |
|---|---|---|
| | 07-15-04 | 02-21-06 |

ANT
NO CONTACT WITH VICTIMS

#### RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| 223 W. 49TH Street<br>SAN DIEGO, CA | OLIVER MATTHEWS SR. | STABLE |

#### MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR: - TO: | POSITION HELD |
|---|---|---|---|
| UNKNOWN | - | - | - |

**EVALUATION** - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

Oliver Matthews is a 43 year old Second-Termer committed to the California Department of Corrections for the offense Petty Theft with a Prior. He received a thirty two month term.

His criminal history consists of convictions for Appropriate lost Property, Assault on a Peace Officer, Use of a Controlled Substance, Transport/ Sell Controlled Substance, Burglary 1st, Possess Control Substance Paraphernalia, Possess Controlled Substance, Theft, and Petty Theft with Prior.

Matthews parole adjustment to this date has been positive. He has reported as instructed with no violations. The present charges are serious and warrant a return to custody.

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| MATTHEWS, OLIVER | K39692 |

Page 2 of 3

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )  OLIVER MATTHEWS K39692 FAC-5 21/123 UP
                           ) SS  480 ALTA RD.
COUNTY OF SAN DIEGO )  P.O. BOX 799005

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746] SAN DIEGO, CA. 92179

I, CRAIG SMITH , am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action. My address is listed below.

On 03-04-2008   *cd*   I served the following documents:
03-16-2008

CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C § 1983

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at San Diego California, addressed as follows::

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
     OFFICE OF THE CLERK
     880 FRONT STREET, SUITE 4290
     SAN DIEGO, CALIFORNIA 92101-8900

         I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of San Diego, California on 03-04-2008
03-16-2008 cd

CRAIG SMITH
5-21
P.O. Box 799005
San Diego, CA    92179-900 6

Pursuant to the holding of the United States Supreme Court in <u>Houston v. Lack</u> 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.