# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER MATTHEWS, Jr., CDCR # K-39692<br><br>                                   Plaintiff,<br><br>vs.<br><br>K. BAKER, Hearings Officer for the Board of Parole Hearings, State of California,<br><br>                                   Defendant. | Civil No.    08-0011 JLS (PCL)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANT WHO IS IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.   PROCEDURAL HISTORY

On January 2, 2008, Plaintiff, a state inmate currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claimed that his constitutional rights were violated at his parole revocation hearing by Defendant K. Baker, Deputy Commissioner for the Board of Parole Hearings. Plaintiff sought $200,000 in punitive damages and $70,000 for "pain and suffering." (Compl. at 7.)

This Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but sua sponte dismissed Plaintiff's Complaint for seeking monetary damages against a Defendant who was immune pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. (*See* Feb. 25, 2008 Order at 4-5.) Nonetheless, the Court granted Plaintiff leave to file an Amended Complaint to correct the

1  deficiencies of pleading identified in the Court's Order. (*Id.*) On March 19, 2008, Plaintiff filed
2  his First Amended Complaint ("FAC").

3  **II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

4  As stated in the Court's previous Order, the Prison Litigation Reform Act ("PLRA")'s
5  amendments to 28 U.S.C. § 1915 obligate the Court to review complaints filed by all persons
6  proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility
7  [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the
8  terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as
9  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these
10 provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP
11 complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which
12 seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;
13 *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v.*
14 *Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

15 Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
16 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28
17 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit
18 make and rule on its own motion to dismiss before directing that the Complaint be served by the
19 U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,
20 but requires a district court to dismiss an in forma pauperis complaint that fails to state a
21 claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing
22 § 1915A).

23 "[W]hen determining whether a complaint states a claim, a court must accept as true all
24 allegations of material fact and must construe those facts in the light most favorable to the
25 plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
26 "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even
27 presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state
28 a claim upon which relief can be granted and seeks monetary relief from defendants who are

1  immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick,* 213
2  F.3d at 446, n.1.

3  Once again, Plaintiff's First Amended Complaint is subject to immediate dismissal
4  because he is seeking monetary damages from a Defendant who is immune from such relief.
5  The sole Defendant in Plaintiff's First Amended Complaint is K. Baker, a Deputy Commissioner
6  for the Board of Prison Hearings ("BPH"). (*See* FAC. at 1-3.) Plaintiff alleges that his
7  constitutional rights were violated by Defendant Baker who presided over Plaintiff's parole
8  revocation hearing. (*Id.*)

9  Plaintiff's First Amended Complaint fails to correct any of the deficiencies of pleading
10 previously identified in the Court's February 25, 2008 Order. As stated previously, State parole
11 officials, like Defendant Baker, are absolutely immune from damages actions based on any
12 decision to impose a parole condition, to have a parolee arrested for an alleged parole violation,
13 or to institute judicial proceedings which result in the revocation of parole. *See Anderson v.*
14 *Boyd*, 714 F.2d 906, 909 (9th Cir. 1983); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985)
15 (parole officers are entitled to absolute immunity with respect to the preparation of parole
16 revocation reports). In his First Amended Complaint, Plaintiff continues to seek $900,000 in
17 compensatory and punitive damages from Defendant Baker, a Defendant who is immune..

18 Accordingly, the Court finds that Plaintiff's First Amended Complaint must be dismissed
19 sua sponte for seeking monetary damages against an immune defendant pursuant to 28 U.S.C.
20 §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

21 **III.   CONCLUSION AND ORDER**

22 Good cause appearing, **IT IS HEREBY ORDERED**:

23 Plaintiff's First Amended Complaint is **DISMISSED** for failing for seeking monetary
24 damages against an immune defendant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).
25 Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at
26 this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th
27 Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment
28 would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308

1   (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis
2   in law, this action should be dismissed without leave to amend; any amendment would be
3   futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

4       The Clerk shall close the file.

5

6   DATED: April 9, 2008

                                                *Janis L. Sammartino*

7                                          Honorable Janis L. Sammartino
                                         United States District Judge